JAMES LATIMER V. STATE OF NEBRASKA.

FILED JUNE 23, 1898.  No. 9867.

| 55 | 609 |
| 62 | 623 |

1. Criminal Law: PRELIMINARY EXAMINATION. The district courts are without jurisdiction to try on information one accused of a felony, except he be a fugitive from justice, unless he has been first accorded the privilege of a preliminary examination.

2. ———: ———. The preliminary examination provided for by the Criminal Code is in no sense a trial of the person accused.

3. ———: ———: PLEA. When one is charged with having committed a crime, is arrested, and brought before a magistrate, it is not essential that he should be asked to plead, or plead to the complaint.

4. ———: ———. The object of a preliminary examination is to ascertain whether the crime charged has been committed, and, if so, whether there is probable cause to believe the accused committed it, and, if so, to insure his appearance in the district court to answer the complaint of the state therefor.

5. ———: ———. The statute awarding one accused of a crime the right to a preliminary examination was enacted for the benefit of the accused.

6. ———: ———: WAIVER. A preliminary examination is a right accorded—a personal privilege granted—and one which the accused may waive.

7. ———: ———: ———. If the accused, on being arrested and brought before an examining magistrate, voluntarily pleads that he is guilty of the crime charged against him, he thereby waives his right to a preliminary examination.

8. ———: ———: ———: RECOGNIZANCE. Where an accused, on being brought before an examining magistrate, waives a preliminary examination, then the magistrate should recognize him to appear in the district court and enter upon his docket the proceedings that actually occurred, and a duly certified transcript of this record, filed in the office of the clerk of the district court, will invest that court with jurisdiction to try the accused on information for the crime with which he was accused before the examining magistrate.

9. Robbery: DRUNKENNESS: EVIDENCE: INSTRUCTIONS. On the trial of one for robbery the evidence tended to show that the accused was intoxicated at the time it was alleged he committed the crime, but there was no evidence that he premeditated the commission of the crime and then became intoxicated. The court charged the jury that no state of mind resulting from drunken-

43

ness short of actual insanity or loss of reason was any excuse for a criminal act. *Held*, That the court erred.

10. ————: ————: QUESTION FOR JURY. The taking of money or property from the person or custody of one assaulted, with a felonious intent on the part of the accused to steal the same, is an essential ingredient of the crime of robbery; and whether the accused at the time of the assault, by reason of being intoxicated, was incapable of controlling his will and forming and entertaining a felonious intent is a question for the jury's consideration in determining whether the accused is guilty of the crime charged.

11. **Criminal Law:** CHARACTER OF ACCUSED. Previous good character of the accused in a criminal prosecution is a fact which he is entitled to have submitted for the consideration of the jury, precisely as any other circumstance favorable to him, without any disparagement by the court. *Johnson v. State*, 34 Neb. 257, followed.

ERROR to the district court for Stanton county. Tried below before EVANS, J. *Reversed.*

*J. H. Brown* and *Brome & Burnett*, for plaintiff in error.

*C. J. Smyth, Attorney General*, and *Ed P. Smith, Deputy Attorney General*, for the state.

RAGAN, C.

The prosecuting attorney of Stanton county filed an information in the district court thereof in which he charged Edwin Melick, James Latimer, and Robert Forsythe with having forcibly and violently assaulted one Louis Mick, and with forcibly and feloniously, and against his will, taking from him the sum of $38 in money, with the intent to feloniously steal the same. It seems that Melick and Forsythe pleaded guilty to this information and were sentenced to the penitentiary for six years, although this fact is not disclosed by the record. Latimer pleaded not guilty to the information, was tried by a jury, found guilty, and sentenced to a term of seven and one-half years in the state penitentiary. To review this judgment Latimer has filed in this court a petition in error.

1. To the information Latimer filed a plea in abatement, alleging that he had not been accorded a preliminary examination of the crime with which he stood charged in the information. To this plea the state filed a replication, and the issues made by such plea and replication were tried to a jury, which returned a verdict in favor of the state, upon which the district court entered a judgment that the information be not abated. It is not claimed by the prisoner that a complaint was not filed against him before an examining magistrate charging him with the identical offense with which he was charged in the information; but the issue of fact raised by the plea in abatement and the state's replication thereto was whether the prisoner had in fact been accorded a preliminary examination. The evidence shows without contradiction that a complaint was filed before the county judge of said county charging Forsythe, Melick, and Latimer with having committed the crime of robbery, and that the three parties were arrested on a proper warrant and brought before the county judge. A transcript of the proceedings had before that officer was put in evidence, and disclosed that the three parties were asked by the county judge whether they were guilty or not guilty of the crime charged in the complaint, and that they then and there entered a plea of guilty. Whereupon the magistrate adjudged that they enter into a recognizance for their appearance before the district court in said county at the first day of its next term to answer such charge.

The evidence on behalf of Latimer tended to show that though he was arrested and brought before the county judge with Forsythe and Melick, he was not asked whether he was guilty or not guilty of the crime charged in the complaint, and that he did not plead thereto. The evidence is undisputed that no witnesses were sworn or examined before the county judge. In other words, that officer did not make any judicial inquiry as to whether the crime of robbery had been committed and whether

there was probable cause for believing the accused committed it. We are of opinion that the evidence in the record establishes, beyond all question, that Latimer, when brought before the county judge, informed that officer that he was guilty of the crime with which he stood charged in the complaint.

The first question, then, is whether Latimer, by pleading guilty before the county judge, waived a preliminary examination. The district court charged the jury trying the issues made by the plea in abatement and the replication thereto that if Latimer, when brought before the county judge, pleaded guilty to the crime charged against him in the complaint, such plea amounted to a waiver by Latimer of his right to a preliminary examination, and it was upon this instruction that the jury found that Latimer had had a preliminary examination. We think the instruction of the district court was correct. Section 585 of the Criminal Code provides: "No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor as provided by law before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination." Because of this provision of the Criminal Code the district courts are without jurisdiction to try, on information, one accused of crime, except he be a fugitive from justice, unless he has been first accorded the privilege of a preliminary examination. (*White v. State,* 28 Neb. 341; *Coffield v. State,* 44 Neb. 417.)

But the preliminary examination provided for by said section 585 of the Criminal Code is in no sense a trial of a person accused of crime. It is not even necessary that the person charged with having committed a crime on being brought before a magistrate should be asked to plead, or enter a plea of guilty, or not guilty, to the complaint. The object of the preliminary examination is to ascertain whether the crime charged has been committed, and if so, whether there is probable cause to be-

lieve that the accused committed it. (*In re Garst*, 10 Neb. 78; *State v. Robertson*, 55 Neb. 41.) The statute awarding one accused of crime the right to a preliminary examination was enacted for the benefit of the accused. The preliminary examination is a right accorded—a personal privilege granted by law to every one accused of crime—but it is a privilege which the accused may waive. (*Coffield v. State*, 44 Neb. 417.)

In the case at bar Latimer was accorded the privilege —the right—of a preliminary examination. He did not demand the taking of evidence, and the judgment of the county judge as to its effect; but upon inquiry as to whether he was guilty of the crime with which he was charged in the complaint he voluntarily stated to the magistrate that he was guilty; and by so doing he waived the swearing and examination of witnesses, waived the right given him by statute to have the county judge make a judicial inquiry as to whether the crime of robbery had been committed, and as to whether the accused probably committed it.

2. But it is insisted that the district court erred in entering a judgment that the information be not abated, as the court was without jurisdiction to try the accused on that information, because the record of the examining magistrate certified to the district court does not recite that he found that the crime of robbery had been committed and that there was probable cause for believing that the accused committed such crime; in other words, that in order to invest the district court with jurisdiction to try the accused of a crime on information, the proceedings of the examining magistrate certified to the district court must contain a statement that that officer found that the crime charged in the information had been committed and that there was probable cause for believing that the accused committed it, and that the magistrate reached such conclusions after the examination of witnesses. We cannot subscribe to this contention. In support of it counsel for Latimer have

cited us to *People v. Smith*, 25 Mich. 497, *People v. Chapman*, 62 Mich. 280, and *People v. Evans*, 40 N. W. Rep. [Mich.] 473. None of these cases is in point here. A statute of Michigan required the evidence taken on a preliminary examination to be reduced to writing and signed by the witnesses, and the examining magistrate to transmit this evidence to the district court with the proceedings had by him on the preliminary examination. In the *Smith Case* cited by counsel the information was quashed; but in that case the accused had not waived a preliminary examination. One had been in fact held, and the court quashed the information, not because the record of the examining magistrate did not contain a finding that a crime had been committed and there was probable cause for believing the accused committed it, but because the depositions or evidence reduced to writing on the preliminary examination were not signed by the witnesses' as required by the Michigan statute. In the *Chapman Case* the information was quashed because it was filed before the filing in the district court of the depositions of the witnesses who testified before the examining magistrate. In the *Evans Case* a preliminary examination was held and the proceedings certified to the circuit court by the examining magistrate. An information was then filed against Evans, to which he pleaded in abatement that the justice before whom the examination was held had not stated in his return that any offense, not triable before a justice of the peace, had been committed; nor had such justice, by said return, stated that there was probable cause to believe the respondent guilty of the crime charged, nor of any offense or crime; but that, on the contrary, said justice expressly declared that he did not believe that said offense had been committed or that respondent was guilty thereof, and that he only required respondent to recognize to appear for trial in the circuit court in deference to and by reason of the intense public feeling in reference to and against respondent. On the day this plea

Latimer v. State.

was filed in the circuit court the examining magistrate filed an amended return of the proceedings had before him, in which it was recited: "It appeared to me that an offense not cognizable by a justice of the peace had been committed, and that there is probable cause to believe the prisoner guilty thereof." When this amended return was filed in the circuit court that tribunal overruled the plea in abatement interposed to the information. Evans was put upon trial and convicted, and the supreme court held that the circuit court erred in overruling the plea in abatement; and that the record of an examining magistrate must show that a crime had been committed and that there was reasonable ground to believe that the accused had committed it, in order to invest the circuit court with jurisdiction to try the accused on information. But the *Evans Case* is not an authority for the contention of counsel here. Evans did not waive a preliminary examination, and the case does not decide—nor any other that I have been able to find— that notwithstanding an accused waives a preliminary examination, still the record of the examining magistrate must disclose that he examined witnesses and made a finding that the crime charged had been committed. and that there was probable cause to believe the accused committed it, in order to invest the district court with jurisdiction to try the accused for the crime on information. If one is charged before a magistrate with the commission of a felony, arrested and brought before this magistrate, and a preliminary examination is held, then it may be that the district court has no jurisdiction to try the accused, on information for the crime with which he is charged, unless the proceedings had before the examining magistrate disclose that he found, after hearing the evidence produced on said examination, that a crime had been committed and that there was probable cause for believing the accused committed it; but, where the accused appears before the magistrate and expressly waives his right to a preliminary examination, or vol-

untarily says to the magistrate that he is guilty of the crime with which he is charged, we know of no law which makes it the duty of the magistrate to then proceed to call and examine witnesses and make an inquiry as to whether a crime has been committed, and if so, whether the accused probably was the guilty party. If the accused, on being brought before the examining magistrate, waives his right to a preliminary examination, or pleads guilty to the crime with which he is charged, then the magistrate should recognize him to appear in the district court and enter upon his docket the proceedings that actually occurred; and a duly certified transcript of this record filed in the office of the clerk of the district court will invest that court with jurisdiction to try the accused on information for the crime with which he was accused before the examining magistrate. (*Hedges v. State*, 18 O. St. 420; *State v. Ritty*, 23 O. St. 562.)

3. The evidence in this case tends to show that at the time Latimer committed the crime with which he was convicted he was intoxicated; but there is no evidence in the record which tends to show that he formed the intention of committing this robbery and then voluntarily became intoxicated. The court gave to the jury the following instruction twice: "The jury are instructed that voluntary intoxication or drunkenness is no excuse for crime committed under its influence; nor is any state of mind resulting from drunkenness short of actual insanity or loss of reason any excuse for a criminal act." It is the law that when one is charged with a crime he is not entitled to go acquit of the charge simply by showing that at the time he committed the offense he was intoxicated; but we do not understand that, though it appears that when one committed a crime he was intoxicated, the jury are not at liberty to give any weight to this fact, unless it appears that the accused at the time was actually insane. One might be so drunk as not to be conscious of what he was doing, so drunk as to have no

control of his will, and yet not be actually insane. In the case at bar the accused was on trial for robbery; and the intent with which he assaulted and took from the prosecuting witness his money was an essential ingredient of the crime for which the prisoner was on trial. The court, in effect, said to them that the evidence before them on the subject of the prisoner's intoxication should count for nothing, unless it established that at the time of the assault the prisoner was actually insane. The instruction given by the district court in this case was given by the district court in *O'Grady v. State,* 36 Neb. 320, and the judgment of the district court was reversed. The feature of the instruction which we are discussing was not commented on by the court in the opinion in that case; but the judgment of the district court was reversed because the court in the instruction also told the jury that if the prisoner's intoxication was voluntary, then evidence of his intoxication could not be considered for the purpose of proving that he did not premeditate or intend to commit the crime with which he was charged. But the court did not approve of the other part of the instruction which, in effect, forbade the jury to give any weight to the evidence of intoxication, unless it established that the prisoner, at the time he committed the offense, was, by reason of such intoxication, actually insane. The doctrine of this court is that while voluntary intoxication is not of itself a complete defense for one who is charged with the commission of a crime, still the evidence that the accused was intoxicated when it is alleged he committed the crime is admissible as a circumstance tending to show that the act of the accused was not premeditated. (*Hill v. State,* 42 Neb. 503; *Head v. State,* 43 Neb. 30; *Debney v. State,* 45 Neb. 856; *Ford v. State,* 46 Neb. 390.) In the case at bar the prisoner was entitled to have the jury consider the evidence which tended to show that he was intoxicated at the time it was alleged he committed the crime, for the purpose of ascertaining and determining the status and condition

of the prisoner's mind at that time. If he was so drunk
at that time that he was not conscious of what he was
doing, so drunk that he had no control of his will, and
was incapable of forming and entertaining a felonious
intent, then his act did not render him guilty of robbery,
and it was for the jury to determine whether he was at
the time so drunk as to be unconscious of his act, in-
capable of controlling his will, and forming and enter-
taining a felonious intent; and though he might have
been by reason of his intoxication in such state of mind,
it does not follow that he was then actually insane. We
think the court erred in refusing to give the instrucion
asked and in giving the one quoted.

4. As this case is to be tried again we have thought
it our duty to call the attention of the district court to
its charge on the subject of the prisoner's good charac-
ter. The prisoner produced before the jury evidence of
good character previous to the time of the alleged com-
mission of the crime for which he was on trial. On this
subject the district court gave to the jury three instruc-
tions, as follows:

"3. The court instructs the jury that good character
is no excuse for crime; that it is only a circumstance
bearing indirectly upon the question of the guilt of the
accused which you are to consider; and this you will
consider in connection with all the other facts and cir-
cumstances of this case; and if, notwithstanding you be-
lieve from the evidence that the defendant has proved a
good character, you still believe beyond a reasonable
doubt, from the evidence, that the accused is guilty of
the crime charged in the information filed against him,
then it is your duty so to find and your verdict should be
guilty.

"4. The court instructs the jury that good character
raises the presumption that the accused was not likely
to have committed the crime with which he is charged;
but the force of the presumption depends upon the
strength of the opposing evidence to produce conviction.

of the truth of the charge. And if the evidence establishing the charge is of such a nature as not, upon principles of reason and good sense, to be overcome by the fact of good character, then the fact that the defendant may have proven himself to have had a good character will be unavailing and immaterial."

"14. The court instructs the jury that evidence of a person's good character is competent evidence in favor of the party accused, as tending to show that he would not be likely to commit the crime charged against him. And in this case, if the jury believes from the evidence that prior to the commission of the alleged crime the defendant had always borne a good character among his acquaintances and in the neighborhood where he lives, then this is a fact proper to be considered by the jury, with all the other evidence in the case, in determining the question whether the witnesses who have testified to the fact tending to criminate him have been mistaken or have testified falsely or untruthfully; and if, after a careful consideration of all the evidence in the case, including that bearing on his previous good character, the jury entertain a reasonable doubt of the defendant's guilt, then it is their sworn duty to acquit him. If, however, the jury believe from the evidence, beyond a reasonable doubt, that the defendant committed the crime in question, as charged in the information, it will be your sworn duty to find the defendant guilty, even though the evidence may satisfy your minds that the defendant, previous to the commission of the crime, has sustained a good reputation and character."

When one is accused of crime evidence of his previous good character is admissible, in his behalf, upon the theory that being of good character it is improbable that he would have committed the crime with which he is charged; and it is for the jury to weigh and consider, and give such effect as they think it entitled, this evidence, in considering and determining whether the accused is guilty of the crime with which he is charged. But this

evidence is not submitted to the consideration of the jury for the purpose of enabling them to determine whether witnesses who have testified for the state have been mistaken or testified falsely, as the court told the jury in instruction No. 14. Another criticism of the instructions is that they savor of argument in favor of the state, and their effect is to caution the jury not to let the evidence of the accused's good character have too much weight in their deliberations. "Good character is an important fact with every man; and never more so than when he is put on trial charged with an offense which is rendered improbable in the last degree by a uniform course of life wholly inconsistent with any such crime. There are cases when it becomes a man's sole dependence, and yet may prove sufficient to outweigh evidence of the most positive character." (Judge Cooley in *People v. Garbutt*, 17 Mich. 9.) In the case at bar there was before the jury evidence of the prisoner's good character, and it was the province of the jury to consider this evidence, as all the other evidence in the case, and to give it such weight as they deemed it entitled, and they should have been left free and untrammeled in this respect. In *Johnson v. State*, 34 Neb. 257, it was distinctly ruled: "Previous good character of the accused in a criminal prosecution is a fact which he is entitled to have submitted for the consideration of the jury precisely as any other circumstance favorable to him, without any disparagement by the court." To the same effect see *Vincent v. State*, 37 Neb. 672.

The judgment of the district court is reversed and the cause remanded with instructions to grant the prisoner a new trial.

REVERSED AND REMANDED.