PROVOSTX, J.
Defendant; O. J. Wilson, was charged with shooting with intent to kill and murder, convicted of shooting with intent to kill, and sentenced to one year at hard labor in the state, penitentiary.
The first bill of exception recites as follows:
“The defendant herein, through counsel, requested the court to make the following a part of his charge:
“I charge you that when, for the purpose of going to trial in this case and to avoid a continuance, the state, through the district attorney, consented to admit that, if present, the witness named in the application for a continuance would swear to the facts stated in the same, the jury has no right to believe that the witness named in the application, and by whom defendant swore he could prove certain facts, was a myth, and such a person as Jack Tucker, the witness named therein, did not exist, and was not in existence at the time and place named in the said application.
“The reason for asking this special charge being that ITon.E. P. Mills, assistant counsel for the state, said in his argument that he did not believe that there was such a man as Jack Tucker, the witness named by defendant.
“But the court refused to make such a charge, for the reason:
“The court charged the jury that it was admitted by the state that if one Jack Tucker were present he would swear to certain facts, and that they were the judges as to what weight should be placed upon it, as they were of all other testimony offered. That the district attorney did_ not admit the testimony as a fact, but that, if here, Tucker would swear certain things.
“Counsel wanted the court to tell the jury what they had a right to believe or not to believe, but court felt that to instruct the jury that they had no right to believe this or that would be going too far, and invading the exclusive right of the jury, which is to believe or disbelieve any fact or evidence adduced.”
In the case of State v. Guy, 107 La. 573, 31 South. 1012, this court said:
“The admission by the state to prevent the continuance of a criminal case that a witness, if present, would testify to certain matters of fact, precludes the state from showing that the absent witness had made a statement.”
We think the court should have charged the jury as requested. ' Where, for the purpose of forcing a trial, the district attorney makes the admission that a certain witness of the defense, if present, would testify to certain stated facts, he cannot be allowed to deny in his argument the existence of the witness, or try to raise a doubt in that regard. It would be, in effect, allowing him to ■withdraw the admission. We do not agree with the judge that to have given this charge would have been to instruct the jury as to what to believe or not. It would simply have been to give them the law upon the point in question. Nor do we agree with the learned counsel for the state that the time for requesting the judge to give this instruction to the jury was during the argument of the district attorney, at the time the objectionable remarks were being- made, and that, by not asking at that time for the instruction. to be then and there given, the defendant waived or lost his right to have the jury properly instructed in the matter. Defendant would have had the right to stop the district attorney and call for a proper instruction then and there; but he was under no obligation to exercise that right, and was entirely at liberty to wait until the judge came to give his charge.
The next bill of exception recites:
“The defendant, through counsel, requested the court to make the following- a part of his charge to the jury:
“I charge you that in cases like the one now on trial, where the offense alleged is like the one defendant here is charged with, that drunkenness, unless the defendant became drunk for the purpose of committing the offense he is accused of, is a palliation or excuse for the commission of it, when the defendant is. so drunk at the time of the commission as to be unable to know what he is doing.
“This charge was requested because one of the lines of defense was that the defendant was so drunk at the time of the occurrence of the act that he did not know what he was doing.
“But the court refused to make this a part of his charge, for the reason:
*85 “The court charged the jury_ that drunkenness was no excuse for committing a crime, unless that drunkenness had been of such long standing as to render the party unaccountable for his acts, but refused to charge ‘that it was an excuse unless the party got drunk for the purpose of committing the crime,’ as we thought that too broad and not the law.”
We think that the requested charge was not explicit enough, in that it did not explain when it is that intoxication is a defense to crime; ■ or, in other words, on account of what particular feature of the case on trial that defense was admissible.
The judge had therefore the right to refuse it. But as the case is to be tried again, we will take occasion to say that the judge’s charge was not quite full enough. State v. Kraemer, 49 La. Ann. 772, 22 South. 254, 62 Am. St. Rep. 664; 12 Cyc. § 3, p. 172; Latimer v. State, 55 Neb. 609, 76 N. W. 207, 70 Am. St. Rep. 403; Bishop on Criminal Law, Vol. 1 (N. S.) § 416, p. 254; Wharton’s Criminal Law, vol. 1, p. 52; State v. Trivas, 32 La. Ann. 1089, 36 Am. Rep. 293.
Judgment set aside, and case remanded for trial.