### JAMES *et al. v.* MADDOX.

GILBERT, J. 1. " If one with notice sell to one without notice, the latter is protected." Civil Code (1910), § 4535. Accordingly, the court properly sustained the demurrer to that portion of the petition which alleged " that defendant's original predecessor, in claiming title to said land, entered with full knowledge that he had no title, that the title was in Davis Pruitt; and he also knew that his claim of title was fraudulent. The origin of defendant's claim being in fraud, his title could never ripen into a perfect prescriptive title; and petitioners allege that this notice and knowledge of the fraudulent inception of defendant's claim of title attached to and followed the same on down to defendant." The allegations in regard to fraud are insufficient to charge any fraud, except notice on the part of defendant's predecessor in title.

2. The facts set out in the petition in regard to the appointment of John Davis Pruitt as administrator of Davis Pruitt and the suits filed by him as administrator, to which special demurrers were interposed, are insufficient to prevent prescriptive title from ripening.

3. Ordinarily the plaintiff, in his petition, need not anticipate or negative a possible defense. Where, however, such defense is anticipated, it must be effectually avoided, or the complaint is bad. *Latta v.* Miller, 109 Ind. 302 (10 N. E. 100) ; Western Union Tel. Co. *v.* Yopst, 118 Ind. 248 (20 N. E. 222, 3 L. R. A. 224) ; Calvo *v.* Davies, 73 N. Y. 211 (29 Am. R. 130) ; 21 R. C. L. 492, § 55.

4. The petition must be taken most strongly against the pleader, on the decision of a demurrer. *Krueger* v. *McDougald,* 148 *Ga.* 429 (96 S. E. 867). Thus construed the petition shows that the plaintiffs and their predecessors in title have not been in possession of the land since the death of Davis Pruitt in 1857; nor does it allege any facts sufficient to prevent the ripening of prescriptive title. It also shows that the defendant and her predecessors in title have been in possession for an indefinite number of years, presumptively since 1857, or at least for a period sufficient for prescriptive title to ripen. It further shows that John Davis Pruitt, as administrator of the estate of Davis Pruitt, filed suit for the land, and that such suit is either still pending or has resulted in favor of the defendant. In either event the suit would bar the present proceeding. No amendment having been offered to cure the defects pointed out, the court did not err in sustaining the demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur.*
No. 2921. APRIL 11, 1922.

Complaint for land. Before Judge Pendleton. Fulton superior court. October 24, 1921.

The petition of Winnie James and others, including John Davis Pruitt, alleges that Davis Pruitt died a resident of Elbert County, Georgia, in 1857; that at the time of his death he was seized and possessed of a described tract of land, including the land herein sued for, in Fulton County; that said Davis Pruitt held under a

grant from the State dated 1826; that he left surviving him as his sole and only heir a sister, Julia Pruitt; that she inherited the land mentioned; that she left surviving her a sole heir and only child, Stephen Pruitt, and that petitioners are children and grand-children of said Stephen; that there has never been any administration upon the estate of Davis Pruitt, but that "the purported administration on the estate of said Davis Pruitt, deceased, by John Davis Pruitt was illegal, fraudulent, and void, because at the time of the said purported administration the said John Davis Pruitt was an old, ignorant, and illiterate man, seventy-five years old, who could not read or write and did not authorize the appointment of himself as administrator, and he was totally incompetent to administer upon said estate, and he was improperly advised and imposed upon by Hulsey, when he was appointed administrator, and did not even know that he was being appointed when he was so appointed;" and "because of fraud in the procurement of said administration practiced on the court and on petitioners by said J. Davis Pruitt and those acting in concert with him, among other things, in that it was alleged in the application for appointment that the heirs at law of Davis Pruitt, deceased, had agreed that J. Davis Pruitt be appointed administrator, and requested his appointment, when in fact the heirs at law, petitioners herein, had no notice, either actual or constructive, of said application until long after the appointment; and when petitioners learned that said J. Davis Pruitt had been fraudulently appointed administrator of the estate of Davis Pruitt, deceased, they filed a petition with the ordinary of Fulton County, Ga., to have said administration set aside and declared null and void because of fraud." The judgment of the court of ordinary is set out, and in it is found the following language: "It appearing to the court that said letters of administration granted to said J. Davis Pruitt were obtained by fraud on the part of said J. Davis Pruitt, it is therefore ordered, adjudged, and decreed that said letters of administration granted to said J. Davis Pruitt on the estate of Davis Pruitt, deceased, be and the same are this day revoked and declared by this honorable court to be null and void, and that the said estate of Davis Pruitt, deceased, is declared to be without an administrator." It does not appear that the court of ordinary of Fulton County granted letters of administration to J. Davis Pruitt, or in

what county such letters of administration were obtained by him. It is alleged that every act of John Davis Pruitt as administrator was illegal and void, and that all suits brought by him as administrator for the recovery of the land were void and without authority; and further that " all suits filed in Fulton County superior court by J. Davis Pruitt as administrator of the estate of Davis Pruitt, deceased, to recover land lot 143 of the 17th district of originally Henry, now Fulton County, Ga., or any part of said land lot, and especially suit No. 31411, were absolutely void and without authority in law, because the said J. Davis Pruitt procured his appointment by fraud upon the court and upon petitioners herein, which fact has been so adjudicated and which is evidenced by the order of the court of ordinary of Fulton County, Ga., setting aside administration and declaring it null and void because of fraud, which order is copied above." It is alleged that Davis Pruitt, deceased, " never executed a deed conveying said land to any one, nor has any one representing him ever conveyed said land to any one; and since the said Davis Pruitt died intestate, seized and possessed of said land, it descended to his heirs at law." It is further alleged that the record of the grant from the State to Davis Pruitt, and the absence of any transfer of the same on the records in the office of Secretary of State was notice to all persons, so that any grantee would, as a matter of law, take with notice of the rights of the heirs at law of Davis Pruitt. No administrator was ever appointed to administer upon the estate of Julia Pruitt, deceased; and it is not alleged whether administration was had upon the estate of Stephen Pruitt.

Anticipating the defenses which might be set up by the defendant the petition also alleged in effect that defendant's original predecessor, in claiming title to said land, entered with full knowledge that he had no title and that the title was in Davis Pruitt, and had come into possession of the land with full knowledge of petitioners' rights, title, and interest therein, and is not a bona fide purchaser without notice. It is not alleged in what manner the defendant acquired possession of the land sued for. There is no allegation that any of the petitioners or their predecessors in title since the death of Davis Pruitt in 1857 have been in possession of the land, or that any one holding adversely to the defendants has been in possession since 1857. The petition does not allege who were the

parties to the suit brought in the court of ordinary of Fulton County to set aside the judgment appointing J. Davis Pruitt as administrator of the estate of Davis Pruitt, deceased; and therefore it does not appear that this defendant was a party to that proceeding, although information on that subject was called for by special demurrer.

The defendant filed general and special demurrers to the petition. Among the grounds of special demurrer were: (*a*) There is no allegation in the petition as to why defendant is said to be illegally or fraudulently in possession of the property sued for, and there is no allegation going to show that the defendant is not a bona fide purchaser or that he came into possession with knowledge of any of petitioners' rights. (*b*) That the allegations in regard to notice by reason of the facts of record in the office of the Secretary of State are an erroneous conclusion of law, and that the facts alleged are not such notice to defendant as would prevent her from becoming a bona fide purchaser without notice. (*c*) That all allegations in regard to notice on the part of the defendant were mere conclusions, without the statement of facts upon which they were based, and were insufficient to charge the defendant. (*d*) That the proceedings in the court of ordinary upon which the judgment revoking letters of administration of J. Davis Pruitt was based are not sufficiently set out, and the allegation that no act of said administrator is binding upon petitioners and that every act of said administrator was illegal and void and absolutely without any binding force or effect upon the rights of plaintiff is an incorrect legal conclusion; that no facts are shown, sufficient to indicate that his acts as administrator were illegal and void. (*e*) That the allegation in regard to the suits filed in Fulton superior court by J. Davis Pruitt, as administrator of the estate of Davis Pruitt, were insufficient, because the same are not named and described. The court sustained the general demurrer and all the special demurrers, and the plaintiffs excepted.

*Hill & Adams,* for plaintiffs.

*Linton C. Hopkins,* for defendant.