The averments by the petitioner are stated in the following opinion:

Per cwriaon:

In this case the defendant demurs to the second amended petition of the plaintiff which was filed March 7, 1927. The original petition filed June, 1925, alleged that between January 1, 1918, and June 30, 1918, the plaintiff was under the direction and control and in the possession of the United States. Plaintiff asked compensation for such use and control. The material averments of that petition were similar to those in the case of Marion & Bye Valley Railway Gompcmy, which last-named case had been decided by this court in favor of the United States, and at the time the plaintiff filed its original petition was pending in the Supreme Court of the United States on appeal. On March 1, 1926, the Supreme' Court affirmed the decision of this court. On June 30, 1926, the plaintiff filed its amended petition; the case was remanded on February 14, 1927, with the direction that the plaintiff should state upon what act the plaintiff based its cause of action; and on March 7, 1927, the plaintiff filed its second amended petition in which it is stated that the plaintiff bases its cause of action upon section 204 of the transportation act, 1920, 41 Stat. 456. The plaintiff further alleges that it is a railroad corporation organized and existing under the laws of the State of Michigan, and is a common carrier of freight for hire, owning 1,286 miles of main track and 19.884 miles of side track located wholly in the State of Michigan.
It further alleges that during the period of Federal control of railroads it connected with certain common carriers under Federal control.
It further alleges that on or about February 29, 1920, Congress passed an act commonly known and referred to as the transportation act of 1920, 41 Stat. 456, and particularly section 204 thereof entitled “ Reimbursement of deficits during Federal control,” to which act and section particular reference is made for the provisions thereof.
It further alleges that in pursuance of the provisions of said section 204 of the transportation act, 1920, and in conformity with the orders of the Interstate Commerce Commission issued under said section, plaintiff filed with the said commission its return showing the deficit in railway *331 operating income by months for each of the months from January 1, 1918, to February 29, 1920, as required by the said section 204 and said orders of the commission; and that said return was duly examined by the commission, and on January 26, 1924, an order and certificate was issued, in which it was held inter alia:
“ The carrier was under Federal control from January 1 to June 26, 1918, inclusive, and is entitled to the benefits of section 204 for the period from June 27, 1918, to February 29, 1920, inclusive.”
Award was accordingly made, for the period from June 27, 1918, to February 29, 1920, inclusive, only. .
The plaintiff further alleges that it sustained a net deficit in its railway operating income, as defined in section 204 of the said act, of $28,506.55 during the period from January 1, 1918, to June 26, 1918, for which amount it brings this suit.
Congress under the provisions of the aforesaid act, and section 204 thereof, created a special remedy applicable to a certain class of cases well defined in the act, and conferred upon a special tribunal the power to act in such cases, a tribunal especially equipped to deal with such cases. The statute creates a right and provides a special remedy, and that remedy, we think, is exclusive. In this case the special tribunal finds that there is nothing due to the plaintiff under the provisions of the act, and no remedy is provided by which the plaintiff can question this decision. The purpose of Congress was to settle this class of claims, and to settle them in the manner prescribed by the terms of the act, otherwise in every case the party who might feel aggrieved by the action of the commission might bring suit in this court for the purpose of upsetting every award of the commission, whether the party was awarded something or nothing. If this can be done, the purpose of Congress to bring about a settlement of this class of claims in a manner which it specifically prescribes will be defeated.
We do not think that the decision of the commission in this case is subject to review by this court. United States v. Babcock, 250 U. S. 328, and cases there cited.
*332 This opinion was prepared by Judge Hat and is adopted by the court.
The demurrer of the defendant is sustained, and the petition dismissed. It is so ordered.