## KARL KIEFER MACH. CO. v. UNITED STATES BOTTLERS MACHINERY CO.

### No. 6985.

Circuit Court of Appeals, Seventh Circuit.

June 17, 1940.

Clarence E. Mellhope, of Chicago, Ill., and Allen & Allen, of Cincinnati, Ohio (Gibson Yungblut and Theodore Greve, both of Cincinnati, Ohio, of counsel), for appellant.

Langdon Moore, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

Defendant relies on two grounds for affirmance: (a) The record does not permit of a review of the question raised, and (b) The District Court correctly ruled in dismissing the complaint as to this product patent because claim 3 was clearly not infringed by its structure.

A District Court is clearly within its powers and within the Rules of Civil Procedure, in dismissing a patent suit, on motion of defendant, at any stage of the proceedings, after commencement of the suit, provided the facts warrant it. Gatch

Wire Goods Co. v. W. A. Laidlaw Wire Co., 7 Cir., 108 F.2d 433; Wright v. Wisconsin Lime Co., 7 Cir., 239 F. 534; Deitel et al. v. La Minuette Trading Co. et al., 2 Cir., 37 F.2d 41.

We have recently discussed in Gatch Wire Goods Co. v. W. A. Laidlaw Wire Co., supra, the showing necessary to justify the granting of such a motion. See, also, Wright v. Wisconsin Lime Co., supra.

■ The decision in each case must depend on its own facts. Time and expense may be avoided, through a motion to dismiss, if the facts be clear and the conclusion inescapable. Unless the case is clear, however, delay and added expense, rather than speed and economy, result from an attempted disposition of a case on a motion to dismiss.

■ In the case before us, plaintiff argues that it is impossible for this court, or the lower court, to appraise the claims or determine the extent of their scope, or the range of equivalents of their elements, without knowledge of the prior art, the history of the art, the problem presented to the worker in the field, the file wrapper, and the purposes of the change evidenced by claim 3.

We agree with this view of the case. Nor would anything be gained by a discussion of the claim, a description of defendant's structure, and an expression of our opinion on the record presented by the papers used on this motion. We would, or might, prejudice a full and impartial hearing of the cause on its merits if we now and here expressed views either on defendant's structure or on plaintiff's range of equivalents, if any, of the element—"filling tubes mounted on and movable with the said exhaust conductor."

We are not rejecting the District Court's finding nor are we expressing any approval of it. We are holding that plaintiff should have been given the opportunity to offer evidence showing the status of its patent and to more clearly show in all its detail, the defendant's structure. Nor are we holding that all motions to dismiss, on the filing of the complaint, should be denied. The profession is well aware of our, and other courts' holdings which must be the guidance of District Courts for their action on these motions to dismiss.

■ We are also satisfied that the record is sufficient to permit of review of the judgment entered. Where the so-called "short record" presents all the facts upon which the District Court acted in granting the motion to dismiss, it is sufficient even though it is a "short record." In fact, plaintiff would not have been justified in adding the evidence which bore on the other patent only. Its effort to restrict the record to relevant material is to be commended.

The judgment is reversed, with directions to overrule the motion to dismiss and proceed as provided by law.