## LEGGETT v. MONTGOMERY WARD & CO.
### No. 3955.

United States Court of Appeals
Tenth Circuit.
Nov. 21, 1949.

John J. McIntyre, Casper, Wyo., for appellant.

C. M. Crowell, Casper, Wyo. (H. B. Durham, Casper, Wyo., was with him on the brief), for appellee.

Before BRATTON and HUXMAN, Circuit Judges, and RICE, District Judge.

BRATTON, Circuit Judge.

This was an action instituted by Ross Leggett against Montgomery Ward and Company to recover damages for malicious prosecution. It was alleged in the amended complaint that plaintiff had been an employee of defendant; that defendant, through an authorized agent, maliciously and without probable cause filed with a justice of the peace in Wyoming a criminal complaint in which plaintiff was charged with the crime of embezzlement; that plaintiff was arrested on the charge and was required to furnish bail; that on the advice of counsel, he waived preliminary hearing before the justice of the peace; that in waiving such hearing, he did not intend to admit and did not admit that there was probable cause for the prosecution against him; that he had worked as an employee and clerk of defendant for many years, during which time he handled hundreds of sale transactions; that the complaint against him charged him with embezzlement of money in connection with seven different sale transactions over a period of many months; that the accusation arose subsequent to his employment and without an opportunity on his part to explain the transactions; that the transactions could be explained only through access to the records of defendant; that he did not have such access; that he did not have time or an opportunity to prepare his defense before the day set for preliminary hearing; that he was unable to obtain the attendance of some material

witnesses for his defense; that he felt that a preliminary hearing was useless because he believed that defendant through its store manager and auditor would continue to harrass and prosecute him with similar charges until an actual trial was had; that he was tried in the district court on such charge and was acquitted; and that he was damaged. Defendant filed a motion to dismiss the action on the ground that it appeared from the face of the amended complaint that plaintiff waived preliminary hearing upon the charge; that by reason of such waiver there was prima facie evidence of probable cause to believe that plaintiff was guilty of the offense charged in the complaint; and that therefore the allegation of want of probable cause contained in the amended complaint was insufficient to state a claim against defendant on which relief could be granted. The court dismissed the action and plaintiff appealed. For convenience, reference will be made to the parties as they appeared in the trial court.

It is argued that the court erred in dismissing the original complaint in the case. The order dismissing the original complaint provided that plaintiff be allowed ten days within which to file an amended complaint. The amended complaint was complete within itself and did not refer to or adopt the original pleading. By filing the amended complaint in that form, plaintiff completely waived any error in the ruling relating to the original complaint. Aetna Life Insurance Co. v. Phillips, 10 Cir., 69 F.2d 901.

The motion to dismiss the action for failure of the amended complaint to state a cause of action for which relief could be granted admitted all facts well pleaded in the amended complaint. But whether the facts thus pleaded and admitted constituted a cause of action for which relief could be granted in the form of damages for malicious prosecution was a question to be determined by the law of Wyoming. Van Sant v. American Express Co., 3 Cir., 158 F.2d 924.

It affirmatively appeared from the face of the amended complaint that after defendant caused the criminal complaint to be filed with the justice of the peace, after plaintiff had been arrested, and after he had furnished bail, he appeared before the justice of the peace and on the advice of counsel waived preliminary examination and was bound over to the district court. The pleading set forth the underlying considerations which brought about the waiving of preliminary examination. But it was not alleged directly or indirectly that the action of the justice of the peace in holding plaintiff to the district court was induced or brought about by perjury, fraud, or other improper means on the part of defendant. And whatever the rule may be elsewhere, it is the law in Wyoming that the binding over of the accused by an examining magistrate amounts to prima facie establishment of probable cause; that in a civil suit for malicious prosecution based upon the filing of the criminal complaint such prima facie evidence of probable cause can be overcome only by appropriate allegation and proof that the action of the magistrate was procured by false testimony, fraud, or other improper means on the part of defendant; and that in the absence of such allegation and proof, the action for malicious prosecution cannot be maintained, even though as here it be alleged in general terms that the criminal complaint was filed maliciously and without probable cause. Penton v. Canning, 57 Wyo. 390, 118 P.2d 1002, 138 A.L.R. 300.

In this instance, there was no hearing before the justice of the peace. Plaintiff waived preliminary examination and was bound over to the district court. But the waiving of preliminary examination was tantamount in law to a finding of the magistrate that there was sufficient cause to believe plaintiff guilty. It was the equivalent to a hearing, a finding of probable cause, and a resulting holding of plaintiff to the district court. Stewart v. The People, 42 Mich. 255, 3 N.W. 863; Latimer v. State, 55 Neb. 609, 76 N.W. 207, 70 Am. St.Rep. 403; Brady v. Stiltner, 40 W.Va. 289, 21 S.E. 729; Hess v. Oregon German

Baking Co., 31 Or. 503, 49 P. 803; State v. Byrd, 41 Mont. 585, 111 P. 407; State v. Freeman, 93 Utah 125, 71 P.2d 196.

■ Apparently in an effort to avoid the impact of Penton v. Canning, supra, plaintiff argues in effect that the question whether the amended complaint stated a cause of action for which relief could be granted must be determined by the rules of pleading applicable to the United States District Courts, and that under such rules the amended complaint was not fatally defective. The pertinent part of Rule of Civil Procedure 8(a), 28 U.S.C.A., provides that a pleading shall set forth a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief to which he deems himself entitled; and Rule 12(b) authorizes a motion to dismiss an action for failure of the complaint to state a claim upon which relief can be granted. It may be conceded without deciding that under these rules, a complaint for malicious prosecution is not open to attack by motion to dismiss for failure to state a claim for which relief could be granted if it alleges that the criminal complaint was filed maliciously and without probable cause; that plaintiff was arrested and furnished bail; that he was later tried on the charge and acquitted; and that he was damaged, without any allegation in respect to a preliminary hearing before the magistrate or the waiving of such hearing and being bound over to appear before the district court. But this amended complaint was not of that pattern. It was not cast in that mold. It went further. It expressly alleged that plaintiff appeared before the justice of the peace, waived preliminary examination, and was bound under bail for his appearance before the district court. It is the general rule of pleading that where a complaint alleges facts constituting a cause of action and also alleges facts which constitute a valid defense, unless it alleges further facts avoiding such defense, it may be attacked by demurrer or motion to dismiss. St. Louis, Kennett and Southeastern Railroad Company v. United States, 267 U.S. 346, 45 S.Ct. 245, 69 L.Ed. 649; Johnson v. Harrison, 177 Ind. 240, 97 N.E. 930, 39 L.R.A.,N.S., 1207; James v. Maddox, 153 Ga. 208, 111 S.E. 731. Alleging that the criminal complaint was filed, that plaintiff waived preliminary examination, and that he was bound over to the district court; and failing to allege that the action of the justice of the peace in binding plaintiff over to the district court was procured by perjury, false testimony, or other improper means on the part of defendant, the pleading did not state a claim for which relief could be granted under the law of Wyoming. Sheffield v. Cantwell, 7 Cir., 101 F.2d 351.

■ After the court announced its ruling in sustaining the motion to dismiss the action for failure of the amended complaint to state a cause of action for which relief could be granted, plaintiff asked leave to amend. The court denied the request and error is assigned upon that action. The point is argued upon the postulate that there was a genuine issuable fact in the case and therefore summary judgment should not have been entered. But no summary judgment was entered for lack of a genuine issue of fact for trial. The court sustained a motion to dismiss the action for failure of the amended complaint to state a justiciable cause of action for damages for malicious prosecution. The application for leave to amend was addressed to the sound judicial discretion of the court, and its action in denying the motion will not be disturbed on appeal except for clear abuse of such discretion. It does not appear that the court abused its discretion in the denial of the application further to amend.

The judgment is affirmed.

RICE, District Judge (dissenting).

It is my view that the amended complaint alleges all of the essential elements of an action for malicious prosecution. It is sufficient when tested by general demurrer in most states and is sufficient in federal court. Seaboard Oil Co. v. Cunningham, 5 Cir., 51 F.2d 321, certiorari denied, 284 U.S. 657, 52 S.Ct. 35, 76 L.Ed. 557; Stainer v. San Luis Valley Land & Mining Co., 8 Cir., 166 F. 220. Apparently the test of

440

the sufficiency of a complaint in federal court, under the majority opinion, now is—would the complaint if filed as a petition in the state court be sustained when attacked by a general demurrer? As I understand the majority opinion, the basis of its conclusion is that the complaint fails to "state a cause of action" when measured by the procedural standard of the Wyoming Supreme Court as announced in Penton v. Canning, 57 Wyo. 390, 118 P.2d 1002, 138 A.L.R. 300. Federal Rules of Civil Procedure specifically abolish demurrers, Rule 7 (c), and provide no technical forms of pleadings or motions are required, Rule 8 (e) (1). There is no pleading requirement under the Federal Rules of stating facts sufficient to constitute a cause of action. Dioguardi v. Durning, 2 Cir., 139 F.2d 774. Many suggested forms indicating the simplicity and brevity of statement contemplated by the rules and which have been expressly approved as sufficient, Rule 84, could not survive a general demurrer in most state courts.

The general rule in all federal courts, so far as I have been able to ascertain, is that complaints should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of a claim.[1]

I would reverse and afford plaintiff an opportunity to prove the allegations of his complaint. Whether or not his proof is sufficient to establish lack of probable cause in view of a presumption of probable cause arising from waiving a preliminary examination should be determined in federal court from the evidence and not settled under the rules of procedure peculiar to the state in which the federal court is sitting.

[1]. 2nd Circuit; Dioguardi v. Durning, Col. of Customs, 139 F.2d 774; 3rd Circuit, Continental Collieries, Inc. v. Shober, Jr., 130 F.2d 631; 4th Circuit, Tahir Erk v. Glenn L. Martin Co., 116 F.2d 865; 5th Circuit, Kohler, et al. v. Jacobs, et al., 138 F.2d 440; 7th Circuit, Karl Kiefer Mach. Co. v. U. S. Bottlers Machinery Co., 113 F.2d 356; Topping v. Fry, 147 F.2d 715; 8th Circuit, Cohen v. U. S., 129 F.2d 733; Dennis, et al. v. Village of Tonka Bay, et al., 151 F. 2d 411; Louisiana Farmers' Protective Union, Inc. v. Great Atlantic & Pacific Tea Co. of America, Inc., et al., 131 F.2d 419; Publicity Bldg. Realty Corp. v. Hannegan, Col.Int.Rev., 139 F.2d 583; Leimer v. State Mut. Life Assur. Co. of Worchester, Mass., 108 F.2d 302; 9th Circuit, Hanney, et al. v. Franklin Fire Ins. Co. of Philadelphia, 142 F.2d 864.