## DEMETRIUS MAYNARD V. ALEXANDER SIGMAN.

FILED JULY 22, 1902.   No. 12,144.

1. **Malicious Prosecution:** ACTION FOR DAMAGES: PROBABLE CAUSE: QUESTION FOR COURT. In an action to recover damages for malicious prosecution when the facts are not in dispute, the question of probable cause is a question of law for the determination of the court.

2. ——: ——: ——: INSTRUCTION. In an action grounded on an alleged malicious prosecution it is not error to give an instruction defining probable cause in connection with other instructions in which the jury are told what facts, if established by the evidence in the particular case, would or would not constitute probable cause.

3. **Probable Cause.** Whether there was probable cause for instituting a criminal action is a question to be determined from a consideration of the facts and circumstances of which the defendant had, or should have had, knowledge when the prosecution was commenced; facts coming to his notice after the trial of the case can not be taken into account.

4. **Malicious Prosecution:** COUNTY ATTORNEY: ADVICE: CRIMINAL ACTION: STATEMENT OF FACTS: LIABILITY. A party who lays all the facts which he knew, or should have known, before the county attorney, and acts in good faith upon his advice, has probable cause for instituting a criminal action, and is, therefore, not liable to an action for malicious prosecution.

5. **Action for Malicious Prosecution:** GENERAL DENIAL: PROOF: GOOD FAITH: ADVICE OF COUNTY ATTORNEY: DISCLOSURE. In an action for malicious prosecution, the defendant may, under a general denial, show that in setting the prosecution on foot, he acted in good faith, on the advice of the county attorney, after having made a full disclosure of all the material circumstances of which he had knowledge.

6. **Evidence:** VERDICT. Evidence examined, and found sufficient to sustain the verdict.

7. **Jury:** CRIMINAL CASE: VERDICT: PRESUMPTION: PROBABLE CAUSE. The lawfully constituted triers of fact in criminal cases are to be regarded as reasonable men; and where they, upon consideration of the evidence, find guilt beyond a reasonable doubt, it will, in the absence of special circumstances, be presumed that there was probable cause for the prosecution.

8. **Probable Cause:** PRESUMPTION FROM CONVICTION: PROBATIVE FORCE OF VERDICT. The presumption of probable cause arising from conviction is a disputable presumption, and may be overcome

by evidence which destroys the natural probative force of the verdict or finding upon which the sentence is based.

9. **Instructions.** If the instructions, when considered together, fairly and clearly state the law of the case, they furnish no ground for reversing the judgment.

ERROR from the district court for Dodge county. Tried below before GRIMISON, J.  *Affirmed.*

*Frank Dolezal,* for plaintiff in error.

*Stinson & Martin, contra.*

SULLIVAN, C. J.

This was an action by Demetrius Maynard against Alexander Sigman to recover damages for an alleged malicious prosecution. The cause was tried to a jury, and resulted in a verdict and judgment in favor of the defendant. The complaint upon which Maynard was arrested charged him with the theft of certain hay belonging to Sigman. Upon this complaint a conviction was had before a justice of the peace, but in the district court, to which the case was removed by appeal, the prosecution was abandoned. The hay in question was taken by the plaintiff from a stack standing in a field owned by one Towner Smith. In this field stood other stacks of hay, belonging to different persons, and the contention of plaintiff at the trial was that he took defendant's hay believing it to be part of a stack which he had bought of a man named King.

Plaintiff's theory was, at his request, given to the jury in the following instruction:

"1. If you find from the evidence in this case that the plaintiff Demetrius Maynard did not take any hay belonging to the defendant, or that he took hay belonging to the defendant under a mistake and believing the same to be hay which the man King had a right to direct him to take; and if you further find from the evidence in this case that the defendant Sigman was told by Maynard or by said King that the said plaintiff Maynard took said hay

under such mistake, or that the said Sigman could have by reasonable inquiry and effort have ascertained that the said Maynard took said hay under a mistake as aforesaid, then and in such case you are instructed that the defendant Sigman had no probable cause to cause the arrest and prosecution of the plaintiff Maynard, and such prosecution by him is without probable cause in law."

The verdict in favor of the defendant was, under this instruction, an unequivocal rejection of the claim that the hay had been taken by mistake and that Sigman knew or ought to have known that fact. In effect, the jury, by their verdict, said that if the hay had been taken without criminal intent, the defendant did not know it and his ignorance was not culpable.

In this view of the matter, it is very clear that there was no prejudicial error in the twelfth instruction, in which it is said that advice of counsel is, under certain circumstances, conclusive evidence of probable cause. If Sigman had no knowledge of the alleged mistake, it is difficult to see how he could have given the county attorney any information in regard to it. The fact is that the record contains no competent evidence tending in the least to prove that the defendant knew, or by the exercise of ordinary diligence might have known, any circumstance tending to establish plaintiff's innocence.

It is claimed that the court erred in giving the fourteenth instruction, which is as follows: "If you believe from the evidence that the defendant's hay was stolen as alleged, by some person, and that upon inquiry he found a reputable witness who told him that he saw the plaintiff take the said hay, and that he, said witness, would so swear upon a trial, and that defendant had an honest belief in the truth of such information, this would constitute probable cause." The ground upon which this instruction is assailed is that it justifies a criminal prosecution for a mere conversion. Standing alone or considered in connection with the rest of the charge, it seems clear to us that this paragraph is not fairly open to criticism.

The thought conveyed is that the prosecution of the plaintiff would be warranted only by credible information to the effect that he had been seen taking away property which had been stolen.

In the thirteenth instruction the jury were plainly told that mere conversion of property—the taking of it under a mistake or claim of ownership—is not larceny, and would furnish no excuse for the institution of a criminal action. Reading the two paragraphs of the charge together, it is almost certain the jury were not left under the impression that the taking of the hay under a claim of right would justify the arrest and imprisonment of plaintiff.

The seventh instruction is excepted to on the ground that it permitted the jury to determine for themselves what facts would constitute probable cause. The instruction is correct as far as it goes; it is an accurate legal definition of probable cause, and that is all it professes to be. The facts upon which the defendant relied as constituting sufficient cause for the criminal prosecution were set out in the fourteenth instruction, and those upon which the plaintiff relied as constituting want of probable cause were stated in the first instruction, given at his request. The jury were thus fairly and fully instructed in accordance with the rule laid down in *Turner v. O'Brien,* 5 Nebr., 542; *Dreyfus v. Aul,* 29 Nebr., 191, and *Jonasen v. Kennedy,* 39 Nebr., 313. In the case last mentioned it is said: "It was not erroneous to tell the jury in general terms what the law meant by a 'want of probable cause' when such instruction was accompanied by other instructions as to what facts would constitute want of probable cause in the case on trial."

It is insisted that the evidence given to show that defendant acted on the advice of counsel was improperly received. The answer was a general denial. It put in issue every fact which the plaintiff was required to prove in making his case. The burden of proving malice and want of probable cause was on him. In showing that he acted on the advice of the county attorney, the defendant gave evidence

tending to prove that he had probable cause for setting the prosecution on foot. This fact tended directly to disprove want of probable cause, and was therefore admissible under a general denial.

It is insisted with considerable vehemence that the evidence is not sufficient to sustain the verdict, but we think it is. The plaintiff having been once fairly convicted of the crime with which he was charged, it would be difficult, upon this record, to give a satisfactory reason for holding that there was not probable grounds for the prosecution. The lawfully constituted triers of fact in criminal cases must, it would seem, be regarded as reasonable men; and where they, upon consideration of the evidence, find guilt beyond a reasonable doubt, it can hardly be claimed, in the absence of special circumstances, that the prosecution was instituted and carried on without probable cause. The presumption of probable cause arising from conviction is not, however, an indisputable presumption; it may be rebutted by evidence which destroys the natural probative force of the finding or verdict upon which the sentence is based. *Nehr v. Dobbs,* 47 Nebr., 863.

Other assignments of error, briefly discussed by counsel for Maynard, have been examined, and the rulings complained of approved.

The judgment of the district court is undoubtedly rig ., and is, therefore,

AFFIRMED.