ELLEN McELROY, Appellant, *vs.* THE CATHOLIC PRESS COMPANY, Appellee.

*Opinion filed April 18, 1912—Rehearing denied June 6, 1912.*

1. MALICIOUS PROSECUTION—*when cause of action for malicious prosecution arises—limitations.* Where a judgment of conviction in a criminal case is reversed and the cause is remanded for new trial the mandate may be filed in the trial court within two years from the time the final order was made, and until the expiration of such period a cause of action for malicious prosecution, based on the criminal proceeding, does not arise.

2. SAME—*plaintiff must prove not only malice but also want of probable cause.* A recovery in an action for malicious prosecution is not justified by proof that the defendant acted with malice in instituting the prosecution, unless it is also proven that the defendant acted without probable cause.

3. SAME—*want of probable cause cannot be inferred from the proof of malice.* While malice may be inferred from proof that the defendant instituted the prosecution without probable cause, yet proof that the defendant acted maliciously does not tend to prove, nor raise an inference of, a want of probable cause.

4. SAME—*what tends to show that prosecution was malicious.* Evidence tending to show that the defendant instituted a criminal proceeding against the plaintiff for the purpose of collecting an

alleged debt, or because the defendant was not allowed to take the credit for a proposed charity the plaintiff was planning to establish, tends to show that the prosecution was malicious, as a prosecution with any other motive than that of bringing a guilty party to justice is malicious as a matter of law.

5. Same—*force of a reversed judgment of conviction as a defense to suit for malicious prosecution.* A judgment of conviction by a competent tribunal having jurisdiction is *prima facie* evidence of the existence of probable cause for the prosecution even though the judgment was reversed, and constitutes a sufficient defense to a suit for malicious prosecution unless overcome by evidence that the conviction was obtained by false testimony, fraud, corrupt practices or unlawful or unjustifiable means on the part of the one procuring the conviction.

6. Same—*what does not destroy force of judgment of conviction as prima facie evidence of probable cause.* The fact that a judgment of conviction in a criminal prosecution was the result of a mistaken view of the law by the trial court, which made it necessary to reverse the judgment, does not, of itself, destroy the force of the conviction as *prima facie* proof that there was probable cause for the prosecution.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Richard S. Tuthill, Judge, presiding.

Whitman & Horner, (Lloyd C. Whitman, and T. B. Cosgrove, of counsel,) for appellant.

Winston, Payne, Strawn & Shaw, (John Barton Payne, and Walter H. Jacobs, of counsel,) for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

Ellen McElroy, the appellant, was employed to take subscriptions and make collections for the *New World*, published by the Catholic Press Company, the appellee. She was arrested on March 8, 1902, at the instance of Benjamin V. Hubbard, the manager of appellee, charged with em-

bezzlement of moneys received in said employment. The magistrate held her in bond to the criminal court of Cook county and she was subsequently indicted and tried in that court. She was convicted and sentenced to confinement in the penitentiary. She sued out a writ of error from this court, and the judgment was reversed and the cause remanded to the criminal court for another trial. (*McElroy v. People,* 202 Ill. 473.) No mandate of this court was filed in the criminal court within two years from the time of making the final order, so that the proceeding was by statute considered as abandoned and no further action could be had thereon. On April 22, 1907, the appellant brought this suit in the circuit court of Cook county against the appellee for malicious prosecution. The appellee pleaded not guilty and the Statute of Limitations of two years. The cause of action did not arise until April 24, 1905, at the expiration of two years from the rendition of the judgment of this court, so that the plea of the Statute of Limitations could not be sustained. The trial was on the issue formed by the plea of not guilty, and at the conclusion of the evidence for the appellant the court, on motion of the appellee, directed the jury to return a verdict of not guilty. The court gave the instruction as requested and a verdict was rendered in accordance with it. An appeal was taken to the Appellate Court for the First District, where the judgment was affirmed, and the court granted a certificate of importance and an appeal to this court.

The first alleged error mentioned in the brief is that the trial court improperly restricted the re-direct examination of the plaintiff, and the first statement of the argument is that the ruling in question will be referred to later, but as we do not find any subsequent reference to the subject we regard the point as abandoned. However, on referring to the abstract we find that the court refused to allow a re-examination as to Hubbard's testimony in the criminal case and that there was nothing in the cross-examination which

authorized such re-examination. The court did not err in
the ruling.

The plaintiff offered in evidence the mandate of this
court reversing the judgment of the criminal court, and the
court admitted it solely for the purpose of showing the final
termination of the criminal prosecution but refused to admit
it generally for the purpose of rebutting any inference of
probable cause arising from the conviction of the plaintiff
in the criminal court. This ruling and the direction of the
court to return a verdict of not guilty raise the question as
to the effect of the conviction of the plaintiff as evidence of
probable cause for the prosecution, in view of the fact that
the judgment was subsequently reversed by this court on
the writ of error.

Two facts are essential to sustain an action for ma-
licious prosecution: First, malice; and second, want of
probable cause. (*Leidig* v. *Rawson,* 1 Scam. 272; *Jacks*
v. *Stimpson,* 13 Ill. 701; *Harpham* v. *Whitney,* 77 id. 32.)
It was therefore incumbent on the plaintiff to prove that
the defendant acted, in causing her arrest, both maliciously
and without probable cause, which must concur as grounds
for the action. There was evidence for the plaintiff tend-
ing to prove that the prosecution against her was instituted
for the purpose of collecting an alleged debt, and that Hub-
bard was willing to put an end to the prosecution on the
payment of a sum somewhat in excess of the amount that
was claimed to be due. This was evidence tending to prove
that the prosecution was malicious, since a prosecution with
any other motive than that of bringing a guilty party to
justice is malicious as a matter of law. (*Krug* v. *Ward,*
77 Ill. 603.) There was also evidence tending to show
that the prosecution was instituted because the plaintiff was
planning to establish a Catholic home for the friendless and
refused to permit it to be established under the patronage
of the *New World* or to allow Hubbard to take the credit
of the proposed charity. This evidence would have entitled

the plaintiff to submission of the question of malice to the jury, but there was the further necessary element of a want of probable cause to justify a verdict of guilty. The existence of malice did not tend to prove a want of probable cause, for although malice may be inferred from a want of probable cause, the absence of probable cause cannot be inferred from malice. (*Brown* v. *Smith*, 83 Ill. 291.) If the judgment of conviction in the criminal court was *prima facie* evidence of the existence of probable cause as a matter of law, and there was no evidence tending to overcome the presumption arising from such conviction, it was not error for the court to direct a verdict of not guilty.

The expressions of different courts on the question of the force and effect of a judgment of guilty in a criminal proceeding before a competent court having jurisdiction, which has been reversed on appeal or error, are quite dissimilar, but in the great majority of cases the disagreement is verbal rather than substantial and in practical effect the decisions have been the same. In some cases it has been said, in general terms, that the judgment of conviction is conclusive notwithstanding it was reversed by an appellate tribunal, but in nearly all of the cases it has either been said that such a judgment is *prima facie* evidence of probable cause, or that it is conclusive unless impeached by evidence of fraud, false testimony or other unfair or unlawful means,—and the two statements practically mean the same thing. That which is *prima facie* evidence of a fact may be overcome by contrary evidence, and a presumption which may be destroyed by evidence of fraud, false testimony or other unfair or unlawful means is not conclusive. The Supreme Court of the United States considered the question in *Crescent City Live Stock Landing and Slaughter-house Co.* v. *Butchers' Union Slaughter-house and Live Stock Landing Co.* 120 U. S. 141, but did not find it necessary to define the rule with accuracy. There are some general observations at the conclusion of the opinion which have been

quoted in other cases, where the court states the foundation
of the rule of public policy in vindication of the dignity and
authority of judicial tribunals and the doctrine that neither
misconduct nor demerit can be imputed to the court, and
that there is an invincible presumption of the law that a
tribunal acting within its jurisdiction acted impartially and
honestly. The opinion of the court as to the proper rule
had previously been given, and what was said afterward re-
lated to the particular question in that case: whether the
Louisiana court had given due effect to the decree of the
circuit court of the United States. In considering the rule
of law itself, the court said that it was not material to de-
fine it with precision and to attempt to state with accuracy
the precise effect to be given to a judgment or decree of a
court as proof of probable cause under all circumstances,
because the decree of the circuit court of the United States
had been adjudged by the Louisiana Supreme Court to be
of no effect whatever as evidence of probable cause. The
action was by the Butchers' Union Company against the
Crescent City Company for malicious prosecution by filing
a bill in the circuit court of the United States and obtaining
an injunction against the plaintiff, which was made perpet-
ual on a final hearing. The decree had been reversed, on
appeal, by the Supreme Court of the United States, and the
Supreme Court of Louisiana held that there was an entire
absence of probable cause for the injunction suit; that the
question involved in the suit had been settled by the Su-
preme Court of Louisiana in a suit to which the defendant
had been a party, and that the judgment of the circuit court
of the United States granting and making perpetual an in-
junction at the suit of said defendant furnished no prob-
able cause whatever for the prosecution of such suit. The
Supreme Court of the United States said that how much
weight, as proof of probable cause, shall be attributed to
the judgment of a court in an original action when sub-
sequently reversed for error may admit of some question,

The court referred to the cases of, *Whitney* v. *Peckham,* 15 Mass. 243, and *Herman* v. *Brookerhoff,* 8 Watts, 240, where the judgments were held to be conclusive in favor of the existence of probable cause, but said that the decision in *Whitney* v. *Peckham* was questioned by the Supreme Court of New York in the case of *Burt* v. *Place,* 4 Wend. 591, which has often since been cited and regarded as a leading case, where it was said that the Massachusetts decision rested entirely upon *Reynolds* v. *Kennedy,* 1 Wilson, 232, which had been qualified in *Johnstone* v. *Sutton,* 1 T. R. 505. The conclusion from the English authorities was, that if it appeared that the prosecution which was charged to have been malicious was before a tribunal having jurisdiction and it was there decided in favor of the plaintiff in that court, nothing appearing to fix on him any unfair means in conducting the suit, the court would regard the judgment in favor of the prosecution satisfactory evidence of probable cause. In *Burt* v. *Place* it was held that the judgment was not conclusive if the defendant, knowing that he had no cause of action and that the plaintiff had a full defense, prevented the plaintiff from procuring the necessary evidence to make out that defense by causing him to be detained a prisoner until the judgments were obtained. The Supreme Court of the United States also quoted the comments of the Kentucky Court of Appeals in *Spring* v. *Besore,* 12 B. Mon. 551, that the principle settled in *Burt* v. *Place* was, that the judgment will not in every possible state of case be deemed to be conclusive of the question of probable cause, but that its effect may be destroyed by showing that it was procured by fraud or other undue means. The conclusion of the Kentucky court was, that the judgment in favor of the plaintiff, although afterwards reversed, is conclusive unless the plaintiff makes it appear that the judgment was unfairly obtained and was the result of acts of malice, fraud and oppression on the part of the defendant, designed and having the effect to deprive him of

the opportunity and necessary means to have defended the suit and obtained a judgment in his favor. Other cases establishing the same general limitations upon the conclusive effect of a judgment afterward reversed were cited and endorsed by the Supreme Court of the United States, and it was then said: "This seems to reconcile the apparent contradiction in the authorities, and states the rule which we think to be well grounded in reason, fair and just to both parties and consistent with the principles on which the action for malicious prosecution is founded."

We have given much space to the decision in *Crescent City Live Stock, etc. Co.* v. *Butchers' Union, etc. Co.* because it has sometimes been cited as disregarding and repudiating the limitations declared in *Burt* v. *Place,* and other cases, as to the conclusive effect of a judgment of conviction afterward set aside by a reviewing court. There have been a great many cases where it has been held, in substance, that a conviction by a tribunal constituted by law, although subsequently reversed, raises a presumption of probable cause and is sufficient proof that the prosecution was not groundless, unless the presumption is overcome by proof that the conviction was procured by corruption, false testimony or other undue or unlawful means. (*Carpenter* v *Sibley,* 153 Cal. 215; *Holliday* v. *Holliday,* 123 id. 32; *Hartshorn* v. *Smith,* 104 Ga. 235; *Phillips* v. *Kalamazoo,* 53 Mich. 33; *Bitting* v. *TenEyck,* 82 Ind. 421; *Jones* v. *Finch,* 84 Va. 204; *McDonald* v. *Schroeder,* 214 Pa. 411; *Burt* v. *Smith,* 181 N. Y. 1; *Casey* v. *Dorr,* (Ark.) 127 S. W. Rep. 708; *Maynard* v. *Sigman,* 65 Neb. 590.) It is true, that when the judgment against the plaintiff was reversed and the cause was remanded for a new trial, the judgment was set aside and the case stood just as though it never had been tried. The reversal settled the question that the accused was not properly convicted, that the facts proved did not, in law, constitute the crime of embezzlement, and that the plaintiff was, in fact, innocent of the

crime laid to her charge, but the improper conviction arose from the mistaken view of the law by the trial court and it did not establish that there was no probable cause for believing her guilty. The error of the trial court is not chargeable to the defendant and the conviction continued to be evidence of probable cause for the prosecution. In *Nehr v. Dobbs,* 47 Neb. 863, it was held that the effect of the judgment of conviction as evidence of probable cause was destroyed by the presumed knowledge of the defendant that the law permitted the killing of a dog which had no collar on its neck, inscribed with the name of its owner. That case seems to be exceptional, and it was qualified by the opinion of the same court in *Cobbey* v. *State Journal Co.* 113 N. W. Rep. 224, where it was considered that the question was a mixed one of law and fact. It did not tend to prove a want of probable cause that Hubbard did not know the law better than the judge of the criminal court. The proper rule appears to us to be, that a conviction by a competent tribunal having jurisdiction is *prima facie* evidence of the existence of probable cause for the prosecution, and is a sufficient defense to a suit for malicious prosecution unless overcome by evidence that the conviction was obtained by false testimony, fraud, corrupt practices or unlawful or unjustifiable means on the part of the one procuring the conviction.

It is argued that the conviction of the plaintiff was procured by false testimony of Hubbard that she was not authorized to retain her commissions and with knowledge on his part that she was not indebted to defendant. She testified in this case that she was a witness in the criminal proceeding, and did not then deny that she was indebted to the defendant, and that she thought she was so indebted and had never denied the fact. There was no evidence tending to show that Hubbard did not honestly and in good faith believe that she was indebted, and her letters before the prosecution indicated that she was. The convic-

tion was not brought about by the testimony of Hubbard, on his direct examination, that she was not entitled to retain her commissions, because he corrected that statement on his cross-examination, as is shown by the testimony of the plaintiff in this case.  It appeared in the criminal prosecution that she had a right to retain her commissions, which was the ground of the reversal, and the court had refused to instruct the jury that if she had such right she was not such an agent or servant as was contemplated by the statute defining embezzlement.  There was no evidence tending to show any fraud, false testimony, unlawful means or unjustifiable conduct on the part of defendant or its manager, Hubbard, to secure the conviction.  The conviction was *prima facie* evidence of the existence of probable cause, and it was not met by any evidence tending to overcome it.  It was therefore not error for the court to direct a verdict of not guilty.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*