O’NIELL, C. J.
 

 The plaintiff has appealed from a judgment dismissing his suit on an exception of no cause or right of action. He avers that, in 1922, when he and Frank Viola and R. J. Holbrook owned all — each owning a third — of the capital stock of the Marine Specialty Company, Inc., now called Marine Specialty & Mill Supply Company, Inc., they agreed verbally that their salaries should be equal in amount, and that
 
 *838
 
 the salary of each of them was then fixed at $100 per week; Holbrook being president of the corporation, Viola being secretary and general manager, and plaintiff being vice president and salesman. He avers that, on or about the 30th of April, 1028, he discovered that Holbrook and Viola had violated the agreement by “arbitrarily” increasing their salaries to $150 per week, on and from the 1st of May, 1023, without increasing his salary, and without his knowledge or consent; and that, immediately upon his learning that Holbrook and Viola had breached their agreement, he sold his stock in the corporation to Viola, because of the alleged breach of agreement and “duplicity” on the part of Holbrook and Viola. Hence plaintiff claims that the defendant, Marine Specialty & Mill Supply Company, owes him $13,000, being $50 per week for the 260 weeks in which Holbrook and Viola each drew $50 more salary per week than he received.
 

 Plaintiff also claimed in his petition that the defendant, corporation, owed him $1,650, for the expense of operating his automobile, at $25 per month, from the 1st of July, 1022, to the 1st of January, 1028. The only basis for this claim is the allegation that the other salesmen for the company received $25 per month for the expense of operating their automobiles, from the 1st of July, 1022, and that, when plaintiff discovered the fact and demanded the same consideration, he was allowed the same expense account, but only from the 1st of January, 102S, until he withdrew' from the company. As no argument has been made in support of this claim of $1,650, ,we assume that it is abandoned. As there is no allegation of any contract or agreement for the automobile expense allowance, the claim cannot be sustained. Without an agreement to the contrary, an employer has the right to discriminate among his employees in the matter of allowing expense accounts. The petition therefore does not disclose a cause of action for the automobile expense account.
 

 We are of the opinion also that, if the plaintiff has a cause or right of action for the alleged breach of agreement on the part of Holbrook and Viola, it is a cause or right of action against them, individually, and not against the corporation. It is not alleged that the plaintiff and Holbrook and Viola, who were the only officers and the only stockholders of the corporation, held a meeting as directors, or acted for the corporation, as its officers or directors, in the agreement which was made among them. According to the allegations of the petition, each one of the three stockholders acted for his individual benefit or protection, and none of them represented the corporation, in the agreement which is alleged to have been made among them. Hence the corporation was not a party to the alleged agreement, even though the three individuals who made the agreement were all of the stockholders and officers of the corporation. A corporation is not bound by an agreement of its stockholders, even though it be their unanimous agreement, unless it is made in the form prescribed by law or by the articles of incorporation, for binding the corporation. De La Vergne Refrigerating Machine Co. v. German Savings Institution, 175 U. S. 40, 20 S. Ct. 20, 44 L. Ed. 65. The only way in which a meeting of the stockholders of a corporation may be dispensed with, when the affirmative vote of all or of a certain proportion of them is necessary to authorize or constitute corporate action, is by a written agreement signed in duplicate by all of the shareholders to which shall be attached a certificate of the secretary of the corporation to the effect that the subscribers to the instrument constitute all of the shareholders entitled under the articles of incor
 
 *840
 
 poration to vote on the particular question. Section 64 of Act No. 250 of 1928, p. 458.
 

 If the two other stockholders, Holbrook and Viola, were not entitled to the alleged increase in their salaries, plaintiff’s remedy, when he learned of the increase, was to sue, as a minority stockholder, to revise the salaries and compel a return to the corporátion of the amounts received illegally by Holbrook and Viola. Act No. 267 of 1914, § 18 (b) and (d), and section 19, pp. 528 and 529, gave the plaintiff that right, as a stockholder having not less than 10 per cent, of the capital stock of the corporation. Crichton v. Webb Press Co., 113 La. 167, 36 So. 926, 67 L. R. A. 76, 104 Am. St. Rep. 500; Carey v. Dalgarn Construction Co., 171 La. 246, 130 So. 344. The plaintiff in this case gave up his remedy in that respect by disposing of his stock.
 

 There is another reason why the plaintiff has no right of action against the corporation from which he withdrew as a stockholder. He admits in his petition that the cause of complaint set forth in this suit was the so-called “moving cause” for his selling his stock to one of the two stockholders of whose dealings with the corporation he complained; and he does not allege that, in selling his stock, he informed the buyer that he intended to bring this suit against the corporation on the cause of action which was the “moving cause” for the sale of the stock. The injustice of such a suit would be not only to
 
 the buyer
 
 of the plaintiffs stock, but to any one else who may have bought stock in the corporation. It is not alleged in plaintiff’s petition that Holbrook and Viola continued to be the only stockholders after plaintiff sold his stock to Viola; and, as the law (sections 1 and 14 of Act No. 267 of 1914, pp. 522 and 527) requires at least three stockholders and directors to constitute a corporation, it may well be assumed that Holbrook and Viola are not now the only stockholders of this corporation.
 

 The judgment is affirmed.