## KRAFT v. NATIONAL SURETY CO. et al.
### No. 7426.

Circuit Court of Appeals, Ninth Circuit.
Jan. 21, 1935.

L. D. Roach, of Anchorage, Alaska, and Arthur Frame, of Clovis, Cal., for appellant.

George C. Sweeney, Asst. Atty. Gen., and J. W. Kehoe, U. S. Atty., of Seward, Alaska, Henry H. McPike, U. S. Atty., of San Francisco, Cal., and C. Keefe Hurley, for appellees.

Before WILBUR and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

Plaintiff-appellant brought suit for damages against defendants, alleging malicious prosecution of a criminal action against him. Plaintiff's complaint alleges that he was for many years engaged in the general mercantile business, including the buying and selling of furs, in Kodiak, Alaska; that defendant Stowe, United States Commissioner and ex officio justice of the peace for the town of Kodiak, came into his store on March 15, 1928, and demanded that plaintiff permit him to inspect plaintiff's record books of purchase of furs and threatened arrest if refused; that plaintiff refused to permit inspection; that on the following day defendant Boyer, a Deputy United States Marshal, made the same demand, which was refused; that thereupon defendant Boyer informed plaintiff that he was under arrest and compelled plaintiff to go with him to the office of defendant Stowe where a complaint was signed by Boyer and sworn to before Stowe; that a warrant of arrest was issued, which was delivered to Boyer, who read it to appellant; that said complaint charged Kraft with violation of Regulation 21 of the Alaska Game Laws; that neither defendant was a member of the Alaska Game Commission, a game warden, nor authorized employee of the United States Department of Agriculture; that the actions of defendants Sullivan, Boyer, and Stowe were inspired by malice, ill will, and an intent to injure plaintiff; that he entered a plea of not guilty and furnished cash bail, whereupon he was released, the trial being set for the next day, March 17, 1928, before said defendant Stowe; that trial was postponed, at the instance of defendants, to March 19th and again, on the latter date, to March 30, 1928, on which date cause was dismissed at the instance of defendants. Kraft further alleged damages in the sum of $16,000, and that all of the acts of defendants, except moving to dismiss the action, were done maliciously and without probable cause.

Defendant Sullivan was the United States Marshal for the Territory of Alaska, and defendant National Surety Company, the surety on his official bond. Sullivan and National Surety Company answered separately and Stowe and Boyer, jointly. Each answer denied generally the allegations of the complaint, and in addition, set up facts substantially as follows: That Boyer had been reliably informed that an alien was engaged in buying and selling furs at Kodiak without having first obtained a license to do business as required by the Alaska Game Law and that this person had sold at least one skin to Kraft, in violation of the said law; that Boyer honestly and in good faith requested Stowe to ask Kraft for an inspection of his records of purchase of furs; that plaintiff's clerk refused to permit Stowe to inspect the records; that Boyer at all times believed himself to have the right to inspect or demand or request inspection of plaintiff's record of furs purchased; that believing the complaint to state a crime, Stowe issued the warrant to Boyer. In addition, it was alleged that Sullivan knew nothing of the

criminal action until after March 30, 1928, and was not present at the time in Kodiak; that Boyer was not authorized by Sullivan to exceed his power, nor were his acts ratified by Sullivan.

Plaintiff demurred to each answer upon the ground that the answers did not state facts sufficient to constitute a defense. The demurrers were overruled on September 23, 1931. On November 22, 1933, defendants moved the court for judgment on the pleadings, for the reason that plaintiff had failed to reply or otherwise answer or plead to the affirmative allegations set forth in each of the separate answers on file and on the same day plaintiff served and filed a reply to each answer filed by defendants' denying the new matter set forth in the answer of each defendant. Plaintiff was served with a copy of the motion, which was argued on the following day, November 23d. Judgment of the court granting the motion and assessing costs and attorney's fees was filed and entered on November 25, 1933. It will be observed that this was two years and two months after the ruling on the demurrers.

Plaintiff brings this appeal and assigns as error the overruling of his demurrers and the granting of defendants' motion for judgment on the pleadings.

Section 895, Compiled Laws of Alaska, requires the answer of defendant to contain a general or specific denial of each material allegation of the complaint and a statement of any new matter constituting a defense or counterclaim. By section 901, if the answer contain a statement of new matter, constituting a defense or counterclaim, and the plaintiff fail seasonably to reply thereto, defendant may move the court for judgment on the pleadings. Five days are given by the court rules to reply, after service of the answer.

■ The question presented by appellant is whether the matter pleaded by defendants in their answers constitutes "new matter" and, as such, required a reply. The test is whether the matter amounted to a traverse, which does not require a reply, or to a plea in confession and avoidance, which would require a reply. Frisch v. Caler, 21 Cal. 71.

■ If the matter pleaded by defendants in the action brought by Kraft could have been shown under a general denial, it did not amount to new matter. If it was not "new matter," it did not require a reply. And if a reply was not required, the court erred in giving judgment on the pleadings in favor of defendants.

■ The case of Stephens v. Conley, 48 Mont. 352, 138 P. 189, at page 193, Ann. Cas. 1915D, 958, decided under a law which required a reply whenever the answer contained either a counterclaim or any new matter, said: " * * * That if the facts stated in the answer could have been proved under a denial of the allegations in the complaint, they do not constitute new matter within the meaning of the Practice Act, and the failure to reply does not amount to an admission of the truth of the matters stated as against the plaintiff." The same case goes on to say: " * * * In order to make out a prima facie case of malicious prosecution, the plaintiff was required to allege and prove: (a) That a judicial proceeding was commenced and prosecuted against him; (b) that the defendant was responsible for instigating, prosecuting, or continuing such proceeding; (c) that there was a want of probable cause for defendant's act or acts; (d) that he was actuated by malice; (e) that the proceeding terminated favorably to plaintiff; and (f) that plaintiff suffered damage, with the amount thereof. * * * With the burden thus imposed upon the plaintiff to allege and prove every one of these facts, it is apparent at once that there is not anything set forth in defendant's answer which could not have been proved under a general denial. The only purpose which the allegations of this answer can serve is to show probable cause, absence of malice, and the presence of good faith. These are but reasons why the defendant should not be held liable and such pleading has been aptly termed an argumentative denial. * * *"

On the admissibility of evidence under a general denial, see Maynard v. Sigman, 65 Neb. 590, 91 N. W. 576, 578.

**Judgment reversed.**