## No. 14,219.

### ADDINGTON *v.* BATES.
(73 P. [2d] 529)

Decided October 18, 1937.   Rehearing denied November 8, 1937.

Mr. L. C. KINIKIN, for plaintiff in error.

Mr. CARL J. SIGFRID, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A DAMAGE action for malicious prosecution.   At close of plaintiff's case nonsuit was granted and dismissal entered.

Plaintiff in action was an undertaker at Montrose; defendant was registrar of vital statistics for district 172, Ouray county; July 21, 1935, one Charlotte E. Comstock departed this life in Montrose county, and plaintiff was employed to inter her body; July 23, 1935, the registrar of vital statistics for district 159, Montrose county, issued to plaintiff a permit to remove the body to Ouray, where, without a burial permit from any registrar of vital statistics, plaintiff caused the body of the deceased to be interred; July 30, 1935, the foregoing in mind, and proceeding under sections 107, 108, 114 and 129, chapter 78, '35 C. S. A., defendant by sworn complaint before a justice of the peace of Ouray county, charged plaintiff with a misdemeanor. On trial before the justice plaintiff was adjudged to be guilty, but on appeal to the county court was acquitted. Predicating his cause on the facts outlined, and alleging that defendant acted ''maliciously and without probable cause,'' plaintiff prayed recovery. Defendant denied that he had proceeded against plaintiff maliciously or without probable cause, and affirmatively alleged that ''without malice, with fairness, and in an honest belief that plaintiff was guilty of the offense charged against him,'' initiated the prosecution of which plaintiff complains.

We are disposed to think the trial court rightly resolved. Defendant was officially concerned with activities pertaining to burial of deceased persons in his district, and, moreover, in the discharge of his duties he was ''subject to the rules and regulations of the state registrar,'' and to the law. §107, '35, C. S. A., supra. Both he and the state registrar believed that a condition precedent to the interment of a body in a given vital statistics district, was the procurement of a burial permit from the registrar of that district, and prior to the Comstock interment plaintiff was apprised of the views of defendant and his official superior; but plaintiff, believing to the contrary, and that a removal permit answered the exactions of the law in the premises, proceeded as

indicated, and thus "forced" the issue. Our study of the record reveals nothing from which malice on the part of defendant may be inferred, and since "malice is an essential element" in cases of this character (*Warner v. Thuringer,* 69 Colo. 67, 168 Pac. 1173), plaintiff's action was properly dismissed.

We think, too, that probable cause for his prosecution appeared from plaintiff's showing. As noted, the justice of the peace before whom he was originally tried adjudged his guilt. That the justice had jurisdiction of the subject matter and to determine the case on its merits, is not gainsaid, hence probable cause obtained. Probable cause being established, and it not appearing that conviction before the justice was procured by fraud or other improper means, this element was not eradicated by reversal on appeal. 18 R. C. L. 37, §22. See, also, *Crescent City Live Stock Co. v. Butchers' Union,* 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614; *McElroy v. Catholic Press Co.,* 254 Ill. 290, 98 N. E. 527.

Let the judgment be affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BAKKE, and MR. JUSTICE KNOUS concur.