### SHEFFIELD v. CANTWELL et al.
#### No. 6616.

Circuit Court of Appeals, Seventh Circuit.
Dec. 2, 1938.

Rehearing Denied Feb. 13, 1939.

Ralph F. Potter and Leslie H. Vogel, both of Chicago, Ill., for appellant.

Otto C. Rentner and Henry F. Antes, both of Chicago, Ill., for appellee Clara D. Pannkoke.

Robert C. Barney, of Chicago, Ill. (Robert L. Elliott, Jr., of Chicago, Ill., and Kenneth G. Hecht, of Evanston, Ill., of counsel), for appellee Albert Grotte et al.

Lloyd T. Bailey, of Chicago, Ill., for appellee Robert E. Cantwell.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff brought suit against Clara E. Pannkoke, her sister-in-law, three police officers, Mrs. Pannkoke's attorney and a justice of the peace, charging in four counts malicious prosecution in pursuance of a conspiracy to injure her, all without probable cause. Upon motion of defendants, the court struck all the counts except the first. The District Court, at the conclusion of plaintiff's evidence, directed a verdict of "not guilty" as to all defendants other than Mrs. Pannkoke and her attorney and at the conclusion of all the evidence, a similar verdict as to the latter defendants. The evidence was clearly insufficient to show even prima facie a conspiracy between the justice and the other defendants and, under our conclusion in this case, the action of the court was proper as to all defendants.

The averments as to lack of probable cause in the count upon which trial was had are that defendants prosecuted plaintiff without reasonable cause, and procured plaintiff to be arrested, to furnish bond and to be carried in custody before a justice of the peace, to be examined touching upon the alleged offense and that the justice, having heard all that defendants could say against plaintiff, thereupon "willfully and maliciously and in furtherance of the conspiracy" adjudged plaintiff to be guilty.

The complaint is devoid of averment that defendants other than the justice fraudulently procured by perjured testimony or other illegal means the conviction of plaintiff. In view of the obvious lack of evidence of guilt of the defendant justice and his consequent proper acquittal by directed verdict, there remained thereafter a complaint against Mrs. Pannkoke and her attorney, which contained no averment that they or either of them had by fraudulent or perjured testimony or other fraudulent means, procured the conviction in the justice court, except as follows from the unproved allegation of conspiracy between them and the justice. Yet, under the established law of Illinois, that conviction is prima facie evidence of existence of probable cause for the prosecution and complete defense to a suit for malicious prosecution, unless it is overcome by evidence that it was obtained by false testimony, fraud, corrupt practices or unlawful or unjustifiable means on the part of the one procuring the conviction. McElroy v. Catholic Press Co., 254 Ill. 290, 98 N.E. 527.

The existence of malice does not tend to prove a want of probable cause, for although malice may be inferred from lack of probable cause, the absence of probable cause cannot be inferred from malice. McElroy v. Catholic Press Co., 254 Ill. 290, 294, 98 N.E. 527; Brown v. Smith, 83 Ill. 291.

Consequently it was incumbent upon plaintiff, if she sought to avoid the effect of the presumption of existence of probable cause arising from the conviction, to allege and prove that those of whom she complained had, by their fraudulent or perjured testimony or equivalent fraudulent means, brought about a wrongful conviction.

Thus, in Dennehey v. Woodsum, 100 Mass. 195, the plaintiff alleged that he had been convicted before the trial justice but upon appeal acquitted. This allegation, the court held, did not show want of proper cause. The court added that if the conviction had been obtained upon defendant's own testimony, there would be strong reason for holding that it afforded no evidence of probable cause. But, the court added, the declaration did not sufficiently show that the conviction before the trial justice was obtained by the false testimony of defendant. It said, however, that an allegation that plaintiff's conviction was obtained by fraudulent practices and abuses on the part of the defendant obviates the force and effect of a conviction subsequently reversed on appeal. Boogher v. Hough, 99 Mo. 183, 12 S.W. 524.

Again, in Thomas v. Muehlmann, 92 Ill.App. 571, at page 576, the court held

that a declaration failed to state a cause of action where it was alleged that plaintiff was convicted before a competent tribunal but failed to aver that the "conviction was brought about by unfair or fraudulent means or by false or perjured testimony."

Plaintiff sought to avoid the effect of the judgment by proffering a transcript of a portion of the testimony of certain witnesses before the justice, tending, it is contended, to show that these witnesses testified falsely. We shall not decide whether there was any evidence to show that defendants procured such testimony or whether the proffered evidence was sufficient to negative the presumption arising from the conviction, for, in view of our conclusion, it is not necessary to do so. The testimony offered was properly refused because there was no averment in the complaint under which it was competent or pertinent. That which it is necessary to prove must be alleged, and as the complaint was insufficient, because of lack of allegation in an essential respect, the testimony under such complaint was not admissible.

It matters not that the court had previously overruled a motion to dismiss the complaint; after dismissal as to the justice, it was defective. A motion in arrest of judgment would have reached the defect had a judgment been rendered. Plaintiff, having failed to present a sufficient declaration, could not give validity to the pleading by the proffer of testimony of facts not averred. It follows that the testimony was properly excluded and that there was no proper complaint and no proper proof to support a verdict.

The judgment is affirmed.