In the Matter of LOUISIANA INVEST-MENT AND LOAN CORPORATION.
No. 63–801, Division D.

United States District Court
E. D. Louisiana,
New Orleans Division.
Dec. 9, 1963.

Leon A. Pradel, James F. Quaid, Jr., New Orleans, La., for bankrupt, Louisiana Investment & Loan Corp.

Phelps, Dunbar, Marks, Claverie & Sims, J. Barnwell Phelps, New Orleans, La., for bankrupt, Louisiana Investment & Loan Corp., in petition to rescind original bankrupt petition.

AINSWORTH, District Judge.

This is a petition for review of the order and opinion of the Referee in Bankruptcy, denying a petition purportedly filed on behalf of the bankrupt for dismissal of the Chapter XI Bankruptcy Act proceeding herein.

On September 16, 1963, the Chapter XI petition was filed on behalf of the debtor corporation by its President, Thomas P. Quaid. This action was authorized by a resolution adopted on August 5, 1963 by the alleged Board of Directors composed of Thomas P. Quaid,

Leon A. Pradel and June Allen, sometimes referred to as Quaid Directors. On September 19, 1963, a petition was filed in behalf of the bankrupt signed by another alleged President, James J. Baikie, seeking the dismissal of the Chapter XI proceedings. The basis for this petition was the contention that the Quaid Directors did not have any authority to act because it was claimed they had been removed from office by virtue of a shareholders' meeting held on August 1, 1963. This shareholders' meeting was purportedly held in Touro Infirmary, a hospital in New Orleans, in a waiting room, with Mrs. Olen and Mr. Baikie present.

The Referee found that the shareholders did not in fact hold a meeting on August 1, 1963. Nor did they comply with the unanimous written consent requirements of Louisiana law (LSA–R.S. 12:64) allowing corporate action by all of the shareholders without the necessity of a formal meeting.[1]

The Referee concluded that the Quaid Directors had not been removed from office prior or subsequent to the August 5, 1963 meeting of the Board of Directors and were therefore qualified to act on behalf of the bankrupt when they filed the Chapter XI proceeding.

Petitioner also alleged as error the Referee's refusal to allow proof of its contention that Leon A. Pradel and Thomas P. Quaid were not properly elected as directors. To allow such proof would have been inconsistent with petitioner's contention that these same directors were removed by the alleged shareholders' meeting of August 1, 1963. Nor was it alleged in the petition that the Quaid Directors had never been elected. See Sheffield v. Cantwell, 7 Cir., 1939, 101 F.2d 351; Farris v. Meyer Schuman Co., 7 Cir., 1941, 115 F.2d 577. Louisiana law recognizes the acts of de facto officers of

---

1. Petitioner has not covered this question in its brief though it is alleged in the petition for review. Louisiana law requires strict compliance with the statutory provisions. Renauld v. Marine Specialty & Mill Supply Co., 172 La. 835, 135 So. 374 (1931). However, the evidence does not indicate that the certificate of the secretary was attached to the minutes nor was the instrument executed in duplicate as required by the mandatory provisions of the section.

corporations and the legality and capacity of such officers to act on behalf of a corporation. There is no question that the Quaid Directors were acting on behalf of the corporation, to the knowledge of petitioner, up to the moment of filing this bankruptcy petition. St. Bernard Trappers' Association, Inc. v. Michel, 162 La. 366, 110 So. 617 (1926).

■ The question of primary concern is that raised regarding the Referee's finding that no stockholders' meeting was held on August 1, 1963. The testimony given by Mrs. Harriet Olen and Mr. Baikie relating to the alleged meeting is, as the Referee terms it, "vague and unconvincing." Both witnesses testified that a meeting was held for the purpose of electing new directors for debtor corporation. The minutes of this alleged meeting were signed by Mrs. Olen as secretary. Mr. Baikie testified that he and Mrs. Olen made notes at the meeting and that in fact Mrs. Olen did not prepare the minutes or have them prepared but that this was done by Mr. Baikie's secretary later in Mobile, Alabama. The waiver of notice of the meeting, Mrs. Olen testified, was presented to her on the day of the alleged meeting. However, Mr. Baikie testified that the waiver and minutes were prepared after the meeting and signed by Mrs. Olen a week to ten days after the meeting. Even when a meeting is informally held it must be a meeting called for the purpose of conducting corporation business. Mr. Baikie testified that the meeting with Mrs. Olen on August 1 was one in which various topics were discussed. However, the conversation was general and no specific business was conducted by Mrs. Olen and Mr. Baikie in behalf of the corporation. See Barnett v. Joseph Mayer & Bros., 119 Wash. 323, 205 P. 396 (1922). The determination to consider the August 1 discussions as a shareholders' meeting impresses this court as being mere afterthought or hindsight.

The actions of the stockholders subsequent to the meeting do not confirm the claimed dismissal of the Quaid Directors. There was never any written notice to the Quaid Directors of their removal nor were their activities as directors questioned until the Chapter XI proceeding was filed.[2]

■ The mere submission of so-called minutes of a shareholders' meeting is insufficient to establish the fact of such a meeting where the evidence clearly shows, as it does here, that no meeting within the intendment of the Louisiana corporation law was held or contemplated in the purely informal discussions held at the Touro Infirmary on August 1, 1963. Minutes cannot make a meeting if none was in fact held. We agree with the Referee's findings that there was no stockholders' meeting.

■■ We do not agree with petitioner's contention that the Board of Directors is without legal authority to file this Chapter XI bankruptcy proceeding. The articles of incorporation and the by-laws of debtor corporation vest the powers and management of the corporation in the Board of Directors. The Louisiana Business Corporation Act (LSA–R.S. 12:-34) also vests the powers of the corporation in the Board of Directors unless the articles or by-laws specify to the contrary. The general rule is that unless the state statute specifically covers the question a Board of Directors may authorize the filing of a voluntary petition in bankruptcy. See 8 C.J.S. Bankruptcy § 61 and numerous authorities cited in the footnotes to said section. We have examined the Louisiana statute carefully and find no specific provision or prohi-

2. According to the evidence, the Quaid Directors continued to operate in their respective capacities in behalf of the corporation. Mr. Baikie accepted checks signed by Thomas P. Quaid as President. Letters pertaining to corporate business were written by Quaid and Pradel as corporate officials during the period between August 1, 1963 and September 10, 1963 to Mr. Baikie and Mrs. Olen and to attorneys for the petitioner. Attorney for petitioner wrote to Mr. Pradel on September 11, 1963, stating that the stockholders did not want him and the other directors to make any more loans.

bition against the authority of a Board of Directors to file such a petition and we, therefore, must conclude that the Board had authority to file this petition.

██ We can reverse the findings of the Referee only if it be shown that they were clearly erroneous. General Orders in Bankruptcy No. 47. We believe that the findings of fact by the Referee are not only not clearly erroneous but are correct and his order is, therefore, affirmed.