**DOBLE v. BUCK et al.**

**No. 10348.**

Circuit Court of Appeals, Ninth Circuit.

April 27, 1944.

Aaron M. Sargent, of San Francisco, Cal., for appellant.

Peirce Coombes, of San Francisco, Cal., for appellee Joseph Haber.

Felix T. Smith and Pillsbury, Madison & Sutro, all of San Francisco, Cal., for appellee W. B. Reis.

Thomas A. Thacher and Thacher, Jones & Casey, all of San Francisco, Cal., for appellee R. D. Brigham.

Cyril Appel and Ivores R. Dains, both of San Francisco, Cal., for appellee S. Kahn.

Lloyd S. Ackerman and George H. Johnston, both of San Francisco, Cal., for appellee Leon Sloss, Jr.

Theo. J. Roche and Sullivan, Roche, Johnson & Farraher, all of San Francisco, Cal., for appellees M. Fleishhacker and M. Fleishhacker, Jr.

Brobeck, Phleger & Harrison, of San Francisco, Cal., for appellee R. S. Dollar.

Norman A. Eisner, of San Francisco, Cal., for appellee Walter E. Buck.

Young, Hudson & Rabinowitz, of San Francisco, Cal., for appellee Herbert Fleishhacker.

Willard L. Ellis, of San Francisco, Cal., for appellee Haas.

Robert M. Searls, of San Francisco, Cal., for appellee Humphrey.

Tobin & Tobin, of San Francisco, Cal., for appellee J. O. Tobin.

Howard Hassard and Hartley F. Peart, both of San Francisco, Cal., for appellee A. B. Swinerton.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment of the District Court of the United States for the Northern District of California dismissing for want of jurisdiction an action by appellant, Mary E. Doble, against appellees, Walter E. Buck, R. Stanley Dollar, Walter A. Haas, William F. Humphrey, J. C. McKinstry, Alfred B. Swinerton, Joseph O. Tobin, Herbert Fleishhacker and Mortimer Fleishhacker, for damages in the sum of $26,718, with interest and costs.

The District Court's jurisdiction was invoked on the ground that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000 and arose under the Constitution and laws of the United States.[1] No other ground of juris-

---

[1] Judicial Code § 24(1), 28 U.S.C.A. § 41(1).

diction was asserted. That the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000 is conceded. The question is whether it arose under the Constitution or laws of the United States.

The amended complaint, hereafter called the complaint, was in two counts. Each count stated, in substance, that appellant was at all pertinent times the owner and holder of 438 shares of the capital stock of The Anglo & London Paris National Bank, a national banking association located in San Francisco, California; that appellees were directors of the association; and that on June 30, 1932, Anglo-California Trust Company, a trust company located in San Francisco, incorporated under the laws of California and carrying on the banking business under the authority of said laws, was consolidated with the association[2] under § 34a of Title 12, U.S.C.A. (44 Stat. 1225).[3]

In stating that the trust company was consolidated with the association under § 34a, each count of the complaint, in effect, stated that the terms and conditions of the consolidation were agreed upon by a majority of the board of directors of the trust company and a majority of the board of directors of the association, and that the agreement was ratified and confirmed by the affirmative vote of the shareholders of the trust company owning at least two-thirds of its capital stock outstanding, at a meeting held on the call of its directors after notice thereof to each of its shareholders, and by the affirmative vote of the shareholders of the association owning at least two-thirds of its capital stock outstanding, at a meeting held on the call of its directors after notice thereof to each of its shareholders, as required by § 34a.

By the terms of the consolidation, each shareholder of the association was entitled to receive, in exchange for each of the shares held by him, four shares of stock in the consolidated association.[4] However, no shareholder was or could be required to accept shares of stock in the consolidated association in exchange for the shares held by him. Each shareholder had the right to give notice that he dissented from the plan of consolidation and the right to vote against the consolidation; and every shareholder exercising either of said rights was entitled to receive the appraised value of the shares held by him, as provided in § 34a.

Each count stated, in substance, that appellant did not know, and was not informed by appellees, that she had the rights mentioned above; that if she had known that she had these rights, she would have exercised them; that if she had exercised them, she would have received for her 438 shares of stock in the association $54,750; that, being ignorant of her rights, she did not exercise them, but accepted, in exchange for her 438 shares, 1752 shares of stock in the consolidated association, which last mentioned shares had a value of $28,032; and that she thereby sustained damages in the sum of $26,718 ($54,750 less $28,032).

Thus the gist of the complaint and of each count thereof was that, through ignorance of her rights, appellant sustained damages in the sum of $26,718, and that, having failed to inform her of her rights, appellees were liable for the damages thus sustained. The Constitution of the United States did not, nor did the laws of the United States, make it appellees' duty to inform appellant of her rights.[5] Consequently appellees' liability, if any, for the damages claimed to have been sustained by appellant did not arise under the Constitution or laws of the United States.

Appellant's contention that appellees' liability arose under the Constitution and laws of the United States is based on the statement (in count two of the complaint) that appellees violated the Fifth Amendment to the Constitution, the statement (in each count of the complaint) that appellees violated §§ 34a and 93 of Title 12, U.S.C.A., by failing to inform appellant of her rights, and the statement (in each count of the complaint) that, unless construed as requiring appellees to inform appellant of her rights, § 34a would violate the Fifth Amendment. These were statements of legal conclusions. The conclusions were unwarranted[6] and are rejected.

We conclude, as did the court below, that the matter in controversy did not arise under the Constitution or laws of the United

[2] Denicke v. Brigham, 9 Cir., 142 F.2d 221, involved the same consolidation.

[3] Before the section was amended.

[4] Called The Anglo California National Bank of San Francisco.

[5] Denicke v. Brigham, supra.

[6] Denicke v. Brigham, supra.

States and that therefore that court had no jurisdiction over the subject matter of the action.

Judgment affirmed.